# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| BARBARA ROSENBLOOM, individually, ) <br> and on behalf of all others similarly situated, ) <br> ) <br> Plaintiff,  ) <br> ) <br> vs.  ) <br> ) <br> NATIONAL HEALTH PLANS &  ) <br> BENEFITS AGENCY, LLC,  ) <br> ) <br> Defendant.  ) | Case No.: |

_____

Leonard Mungo (P43562)
Mungo & Mungo at Law, PLLC
31700 Telegraph Road, Suite 250
Bingham Farms, Michigan 48025
Tel: (248) 792-7557
Fax: (313) 792-7303
caseaction@mungoatlaw.com
*Attorneys for Plaintiff*

_____

## CLASS ACTION COMPLAINT AND JUY DEMAND

COMES NOW Plaintiff Barbara Rosenbloom ("Rosenbloom"), individually, and on behalf of all others similarly situated for her Petition against Defendant National Health Plans & Benefits Agency, LLC ("National Health") states:

### Parties, Jurisdiction and Venue

1. Rosenbloom is an individual who at all times material to this petition resided in St. Louis County, Missouri.

2. Rosenbloom brings this action on behalf of herself and all others similarly situated.

3. National Health is a Michigan limited liability company which is in good standing.

4. On information and belief, National Health is headquartered in the City of Fraser, Macomb County, Michigan.

5. On information and belief, National Health assists people in obtaining health insurance from various health insurance providers.

6. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331, as Rosenbloom's complaint arises under federal law, the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

7. Venue is proper in this Court because the events giving rise to the claims asserted in this Complaint occurred in part in the district encompassed by this Court and because National Health headquarters is within the district encompassed by this Court.

**Background and Facts Common to All Counts**

8. National Health markets its products and services, in part, through text message advertising.

9. National Health directly markets its products and services to persons in the United States through text message advertising.

10. Rosenbloom is the owner of a cell phone and pays the bill for her cell phone account. Her cell phone number is 314-XXX-9504.

11. Rosenbloom did not provide National Health prior express written consent to send her text message communications. As used herein, the term "prior express written consent" means an agreement signed by the recipient containing a clear and conspicuous disclosure informing the recipient that he/she will receive text message advertisements from National Health from an automatic telephone dialing system and informing her that she is not required to sign such an agreement or agree to enter such an agreement as a condition of purchasing any property or goods.

12. Rosenbloom had no prior business relationship with National Health.

13. On or about January 8, 2019, Rosenbloom received a text message from National Health, or someone acting on its behalf, stating:

> Hi, it's Kelly! I've been trying to tell you it's NOT TOO LATE to get Health Insurance starting 1/15 call me NOW at 8447474995 Reply STOP to opt out

14. On information and belief, the text message sent by National Health to Rosenbloom was generic and not personalized to her.

15. On information and belief, phone number 844-747-4995 is a number associated with National Health.

16. Rosenbloom received and viewed the above-referenced text message on her cellular phone.

3

17. The text message sent to Rosenbloom by National Health invaded Rosenbloom's privacy and was harassing and annoying.

18. Upon information and belief, National Health sent text messages advertising National Health's services *en masse* to the cell phones of Rosenbloom and the putative class members without first obtaining their prior express written consent. Said conduct was harassing and annoying to Rosenbloom and the putative class members.

**Count I - Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.***

19. Rosenbloom incorporates by reference the allegations of the previous paragraphs as if fully stated in this count.

20. The TCPA states, in part:

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver the message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1).

21. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. §

4

227(a)(1).

22. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

23. The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

24. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

25. The TCPA provides for a private right of action and statutory damages of at least $500, and up to $1,500.00 per violation. 47 U.S.C. § 227(b)(3).

26. Rosenbloom brings this action pursuant to the provisions of Federal Rule of Civil Procedure Rule 23, individually, and on behalf of a class defined as:

> All persons in the United States who, from four years before the filing of this complaint to the present, received text messages on

5

>   their cell phone from National Health and did not provide National Health their prior express written consent to receive such messages.

27. Upon information and belief, National Health used an automatic telephone dialing system to send the text messages at issue to the cell phones of Rosenbloom and the putative class members. National Health's dialing system stored a list of phone numbers of Rosenbloom and the putative class members. The numbers were then automatically dialed.

28. Upon information and belief, National Health sent text messages to the cell phones of Rosenbloom and the putative class members without first obtaining their prior express written consent.

29. By placing calls to the cell phones, in the form of text messages, to Rosenbloom and the putative class members without obtaining their prior express written consent, National Health violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(l).

30. National Health knew or should have known that Rosenbloom and the putative class members did not provide their prior express written consent to receive calls on their cell phones.

31. Rosenbloom and the putative class members are entitled to damages of $500.00 per call made by National Health and up to $1,500.00 per call if the Court finds that National Health willfully violated the TCPA.

32. Upon information and belief, there are hundreds and possibly thousands of persons in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

33. Rosenbloom's claims are typical of the class she seeks to represent. Rosenbloom and the putative class members were called by National Health through an automatic telephone dialing system and did not provide prior express written consent to be called on their cell phones. Rosenbloom's claims and the claims and the putative class members' claims are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Rosenbloom and the putative class members.

34. There are questions of law and fact common to the class. Common questions include, but are not limited to:

    a.    Whether National Health made phone calls to the cell phones of the members of the putative class members without first obtaining their prior express written consent to receive said calls;

    b.    Whether National Health made phone calls to the cell phones of the putative class members using an automatic telephone dialing system;

    c.    Whether National Health's conduct violates 47 U.S.C. § 227(b)(l)(A);

    d.    Whether National Health's conduct violates the rules and regulations implementing the TCPA; and,

    e.    Whether Rosenbloom and the putative class members are entitled

to increased damages based on the willfulness of National Health's conduct.

35. Rosenbloom will fairly and adequately represent the putative class members. Rosenbloom has retained counsel experienced in the prosecution of class actions. Rosenbloom is committed to vigorously prosecuting the claims presented in this petition. Neither Rosenbloom nor Rosenbloom's counsel have any interests adverse or in conflict with the absent class members.

36. The questions of law and fact common to the putative class members predominate over any questions of fact affecting any individual member of the proposed class.

37. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

**Demand for Judgment**

WHEREFORE Plaintiff Barbara Rosenbloom, individually, and on behalf of all others similarly situated, requests the Court grant the following relief against Defendant National Health Plans & Benefits Agency, LLC:

a. Enter an order, pursuant to Federal Rule of Civil Procedure 23, certifying this action as a class action and appointing Plaintiff Barbara Rosenbloom

as representative of the class;

      b.      Enter an order appointing Butsch Roberts & Associates LLC and Mungo & Mungo at Law, PLLC as counsel for the class;

      c.      Enter judgment in favor of Rosenbloom and the putative-class and against National Health for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if National Health willfully violated the TCPA;

      d.      Award Rosenbloom and the class all expenses of this action, and requiring National Health to pay the costs and expenses of class notice and claims administration; and,

      e.      Award Rosenbloom and the class such further and other relief the Court deems just and appropriate.

Dated: November 5, 2019                        Mungo & Mungo at Law, PLLC

                                                        /s/ Leonard Mungo
                                                        Leonard Mungo (P43562)
                                                        31700 Telegraph Road, Suite 250
                                                        Bingham Farms, Michigan 48025
                                                        Tel: (248) 792-7557
                                                        Fax: (313) 792-7303
                                                        caseaction@mungoatlaw.com
                                                        *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BARBARA ROSENBLOOM, individually, )
and on behalf of all others similarly situated, )
                                                        )
    Plaintiff,                                  )
                                                        )
vs.                                                      )    Case No.:
                                                        )
NATIONAL HEALTH PLANS &         )
BENEFITS AGENCY, LLC,            )
                                                       )
    Defendant.                                )
_____

## **JURY DEMAND**

      Now comes the Plaintiff, Barbara Rosenbloom, by and through her attorneys, Mungo & Mungo at Law, PLLC and hereby demands a jury trial in this cause.

Dated: November 5, 2019                */S/__LEONARD MUNGO_____*
                                                  Leonard Mungo (P43562)
                                                  Mungo & Mungo at Law, PLLC
                                                  31700 Telegraph Road, Suite 250
                                                  Bingham Farms, Michigan 48025
                                                  Tel: (248) 792-7557
                                                  Fax: (313) 792-7303
                                                  caseaction@mungoatlaw.com
                                                  *Attorneys for Plaintiff*